UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: REMOVAL FROM UNITED STATES MARINE
CORPS RESERVE ACTIVE STATUS LIST LITIGATION

| | | |
|---|---|---|
| John W. Haverty v. Honorable Raymond E. Mabus, | ) | |
|     D. Massachusetts, C.A. No. 1:09-12159 | ) | MDL No. 2236 |
| Gary E. Lambert v. U.S. Department of Navy, Secretary, | ) | |
|     D. New Hampshire, C.A. No. 1:09-00354 | ) | |

## ORDER DENYING TRANSFER

**Before the Panel**:[*] Pursuant to 28 U.S.C. § 1407, plaintiff in the District of Massachusetts action moves for coordinated or consolidated pretrial proceedings of this litigation, which consists of two actions pending in two districts, in the District of New Hampshire. Sole defendant, the Secretary of the U.S. Department of Navy (SECNAV) does not oppose the motion. The D. New Hampshire plaintiff did not respond.

These two cases, brought under the Administrative Procedure Act, are unlike many others that the Panel routinely encounters because there may be less pretrial discovery, and common legal issues, rather than factual questions, may predominate the unresolved matters. The Panel must determine the extent of the common factual questions and the likelihood that centralized pretrial proceedings will create significant efficiencies, avoid inconsistent rulings, and result in the overall fairer adjudication of the litigation for the benefit of all involved parties. *In re Polar Bear Endangered Species Act Listing and § 4(d) Rule Litigation*, 588 F. Supp. 2d 1376 (J.P.M.L. 2008)

After considering all arguments of counsel, we are not persuaded that centralization would best serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Both actions share factual questions as to whether the SECNAV violated 10 U.S.C. § 14704, Department of Defense Instruction 1332.32, and SECNAV Instruction 1420.1B by designating a precept that failed to (1) include all officers of the same grade and competitive category and (2) designate a fixed number of officers for removal from the Marine Corps reserve active status list. These factual questions, however, are largely undisputed. Moreover, we expect that the decision on cross motions for summary judgment, scheduled to be heard this month in the first-filed District of New Hampshire action, will provide useful guidance for the resolution of similar motions in the District of Massachusetts action. Also, given that only two actions are pending, we consider voluntary coordination among the parties and the involved courts to be a preferable alternative to

---

[*] Judge Barbara S. Jones and Judge Paul J. Barbadoro took no part in the decision of this matter.

- 2 -

centralization.  *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Pat. Litig.*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

                                      PANEL ON MULTIDISTRICT LITIGATION

                                      _____
                                             John G. Heyburn II
                                                 Chairman

Kathryn H. Vratil        W. Royal Furgeson, Jr.
Frank C. Damrell